# N. Y. COMMON PLEAS.

### EMILE NASON agt. BENJAMIN L. LUDDINGTON.

*Referees —when required to be sworn — in what manner oath may be waived —*
*Code of Civil Procedure, section 1016.*

The requirement of section 1016 of the Code of Civil Procedure, that "a
referee, before proceeding to hear the testimony, *must* be sworn faith-
fully and fairly to try the issues, &c., unless the oath be *expressly* waived
by written stipulation or· orally, in which latter case the waiver *must*
be entered in the referee's minutes," is directory merely, and may be·
waived by the acts and acquiescence of the parties to the proceeding.

Where the defendant and his attorney, both learned in the law, and with
knowledge of the provision of this section as to the oath of the referee,
voluntarily, and without objection, conduct the defense to an unsuc-
cessful issue, which was followed by an acquiescence in the validity of·
the proceedings, as shown by an application for additional time to file
exceptions to the report, and 'opposition to the motion for an extra
allowance:

*Held*, that the defendant had waived his right to the statutory require-
ment as to the oath of the referee (*See The Exchange Fire Insurance*
*Co.* agt. *Early*, 54 *How.*, 279; *McGowan* agt. *Newman, id.*, 458).

*Special Term, July*, 1878.

*Theodore Arnold*, for plaintiff.

*George W. Lord*, for defendant.

LARREMORE, *J.* — This is a motion by the defendant to set
aside the report of the referee herein, on the ground that he
was not sworn to try the issues in pursuance of section 1016
of the Code of Civil Procedure. The action was referred
by consent, and decided by the referee in favor of the plain-

tiff. No objection was made as to his right to try the same until his report was made. Then the defendant, who is a member of the legal profession, and was present at the trial, called attention to the alleged omission, and subsequently obtained additional time to file exceptions to the report, opposed a motion for an extra allowance and obtained an adjournment of the taxation of costs.

By the section above mentioned, the referee is required, before proceeding to hear the testimony, to be sworn faithfully and fairly to try the issues &c., unless the oath be expressly waived by written stipulation or orally, in which latter case the waiver must be entered in the referee's minutes. In this case, there was neither a written stipulation nor entry in the minutes; and the question to be decided is, whether defendant's acts and acquiescence throughout the whole proceeding constitute a legal waiver of the referee's oath. If the requirement of the statute is mandatory, then all the proceedings before the referee are a nullity, for there could be no express oral waiver except by entry in the referee's minutes. But if the phraseology of the statute is directory, merely, then it is possible to conceive of an interpretation in harmony with its spirit, and recognized by adjudications in analogous cases.

In *Greason* agt. *Keteltas* (17 *N. Y.*, 498) the defendant was entitled by right to a trial by jury, but waived it by entering upon a trial before the court without objection.

In *McKeon* agt. *See* (51 *N. Y.*, 300) the defendant was entitled to a trial by jury, but claimed his right on an untenable ground, and the trial by the judge was sustained on appeal.

*Bradley* agt. *Aldrich* (40 *N. Y.*, 509) is not in conflict with this theory. In that case the defendant had no alternative. The action was for pure equitable relief, and he was compelled to go to trial. He had no opportunity to object to the assessment of damages by the judge until it was made.

The authorities cited clearly establish that a constitutional

Nason agt. Luddington.

right may be waived if not insisted upon (*See, also, Embury* agt. *Connor*, 3 *N. Y.*, 518).

By analogy of reasoning, the defendant must fail in his motion. He and his attorney both learned in the law, and, with knowledge of the provision of statute as to the oath of the referee, voluntarily, and without objection, conducted the defense to an unsuccessful issue. This was followed by an acquiescence in the validity of the proceedings, as shown by an application for additional time to file exceptions to the report, and opposition to the motion for an extra allowance. In view of all the facts, I am inclined to the belief that the defendant has waived his right to the statutory requirement, which would seem to apply to a waiver before proceeding to hear the testimony.

The motion is denied, but without costs.

NOTE. — It would seem to us that if the requirements of section 1016, as to the oath of the referee and the oral waiver of such oath, be not mandatory, it would be impossible to put words into a statute to make it a mandatory one. The section provides that "the referee *must*, before proceeding to hear the testimony, *be sworn*," &c., &c. It then provides two modes in which the oath may be waived, one by *written stipulation, the other orally*. It further provides that "if the waiver is oral, it *must* be entered in the referee's minutes." There certainly could be no *oral waiver* in any other manner than ·by an entry in the referee's minutes. Another sentence of the section reads as follows: "But where all the parties, whose interests will be affected by the result, are of age, and present, in person or by attorney, they may *expressly* waive the oath of the referee." The word *expressly* is defined by all lexicographers thus: "*In direct terms, not by implication*." According to this definition, there could be no *legal waiver by implication* (*i. e.*), by the acts of the parties in acquiescing in the proceedings. It will be observed that the word *must* is used in this section when speaking of the oath of the referee and of the oral waiver. Section 417, where the word *must* is used, as to what the summons should contain, has just been construed as *mandatory*, and a summons set aside on the ground that it did not contain the name of the county as required by that section. This is in accordance with our views as to section 1016 (*See Osborn* agt. *McCloskey, post*, 315).